# COURT OF APPEALS OF VIRGINIA

---

**Record No. 1547-25-3**

---

PAYTON ALAN MUSGROVE

v.

COMMONWEALTH OF VIRGINIA

---

Present: Judges Causey, Raphael and Duffan

Opinion Issued July 7, 2026[*]

---

**FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY**
Brian H. Turpin, Judge

(Jason S. Eisner, on brief), for appellant.

(Jason S. Miyares,[1] Attorney General; C. David Sands, III, Senior Assistant Attorney General, on brief), for appellee.

---

### MEMORANDUM OPINION
### PER CURIAM

The trial court convicted Payton Alan Musgrove of grand larceny. It sentenced him to ten years' incarceration, with seven years suspended. On appeal, Musgrove challenges the sufficiency of the evidence to sustain his conviction. Finding no error, we affirm the trial court's judgment.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

BACKGROUND[3]

Over the weekend of November 16 and 17, 2024, David Rife worked as a promoter for a "monster truck show." He collected $26,000 in cash from ticket sales and merchandising. He stored the cash in a bag, which he locked inside his truck. He kept the key to the truck in his RV.

Rife's nephew, Musgrove, had agreed to assist Rife with certain tasks to prepare for the show. Musgrove arrived at the venue that weekend with his girlfriend, Shyanne Lam. Musgrove assisted with some tasks before the show started, but "didn't do anything during the show." Musgrove and Lam were "supposed to be there for the whole weekend," but they left during the show, unbeknownst to Rife.

After the show, Rife had to "pay out" drivers and staff. But when he went to his truck to retrieve the money, it was "gone." Rife reported the theft to police and provided them with Lam's phone number. Police arrested Musgrove two days later.

At trial, Rife testified that the bag of cash contained $26,000. Most of the bills were $20, with "a few" $50 and $100 bills, and some "miscellaneous" $5 and $1 bills. Neither Musgrove, nor anyone else, had permission to handle the bag of cash. Before the show started, Rife went to his RV to change clothes. Musgrove and Lam were in his RV. They were "not supposed to be" in the RV, so Rife "kicked them out," then returned to the show. After the show, when Rife went to the RV to get his truck key, he "immediately" knew something was "different"; certain items were out of place.

---

[3] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Fary v. Commonwealth*, 77 Va. App. 331, 341 (2023) (quoting *Commonwealth v. Barney*, 302 Va. 84, 96 (2023)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Barney*, 302 Va. at 97. "This deferential principle applies not only to 'matters of witness credibility' but also to the factfinder's 'interpretation of all of the evidence, including video evidence' presented at trial." *Id.* (quoting *Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022)).

Lam testified that she rode to the show with Musgrove. She recalled that during the show, Musgrove told her that "he'd seen a lot" of money and "it was nice." Lam said they left the show early because she had "work the next day." When they stopped to get gas on the way home, Lam saw Musgrove retrieve a "gallon" sized "bag . . . full of cash . . . from under the seat." Back at Musgrove's house, Lam helped Musgrove count the cash. There was "a little more" than $25,000. Musgrove had previously expressed interest in purchasing a used car and was "adamant" about buying it "that night." So, after counting the cash, they left Musgrove's house to go purchase the car.

Musgrove contacted Jonathan Sims Hartley, the owner of Hartley Automotive, at 10:00 p.m. that night to purchase the car he had inquired about months earlier. Musgrove told him he had money to buy the car. Musgrove arrived at Hartley Automotive with Lam, who was "holding" the cash "in her purse." Musgrove "asked" her for the cash and gave Hartley $17,400 for the car. "There was a variety of twenties and fifties and a couple hundreds," but the "majority of it was twenties."

Crediting Lam's testimony, the trial court convicted Musgrove of grand larceny. Musgrove appeals.

## ANALYSIS

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition

it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Musgrove argues that the circumstantial nature of the evidence required the Commonwealth to rule out the "reasonable hypothesis" that Lam stole the money. He highlights Hartley's testimony that when Musgrove came to purchase the car, Lam was "holding" the cash. He also emphasizes that it was Lam who "wanted to leave the show early." He claims that his use of the money to purchase the car does not implicate him in the theft.

"Any person who . . . commits simple larceny . . . of goods and chattels of the value of $1,000 or more . . . shall be guilty of grand larceny." Code § 18.2-95(A). Grand larceny "may be proved by circumstantial evidence." *Kelley v. Commonwealth*, 69 Va. App. 617, 628 (2019) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 471 (2000)). "It is firmly established that '[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" *Id.* at 629 (alteration in original) (quoting *Pijor*, 294 Va. at 512).

The "'reasonable hypothesis of innocence' principle is 'simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" *Commonwealth v. Wilkerson*, 304 Va. 92, 101-02 (2025) (quoting *Commonwealth v. Moseley*, 293 Va. 455, 464 (2017)). "[W]here circumstantial evidence is sufficient to exclude every [proffered] reasonable hypothesis of innocence, it is sufficient to support a conviction." *Id.* at 102 (second alteration in original) (quoting *Cook v. Commonwealth*, 226 Va. 427, 433 (1983)). The hypotheses of innocence "which must be thus excluded are those which flow from the evidence itself, and not from the imaginations of defense counsel." *Id.* The issue on appeal "is not whether 'there is some evidence to support'" a defendant's hypothesis of innocence. *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003). "The issue is whether a reasonable [factfinder], upon consideration of all the evidence, could have rejected [the defense's] theories" and found guilt beyond a reasonable doubt. *Id.* "Moreover, whether a defendant's hypothesis is reasonable is a question of fact." *Kelley*, 69 Va. App. at 629.

The evidence established that Rife locked a bag containing $26,000 in cash in his truck. Musgrove knew where the bag of cash was. Before the show, Musgrove was in Rife's RV, where Rife kept the key to his truck. He left the show early, unannounced. After the show, Rife discovered that the bag of cash was missing. Following the show, Musgrove had a "bag . . . full of cash," which contained more than $25,000. He used the money to buy a car that same night. The trial court rejected Musgrove's hypothesis of innocence and found that he was the thief.

The trial court, sitting as factfinder, was permitted to "draw reasonable inferences from basic facts to ultimate facts." *Commonwealth v. Perkins*, 295 Va. 323, 332 (2018) (quoting *Bowman v. Commonwealth*, 290 Va. 492, 500 (2015)). "Our inquiry does not distinguish between direct and circumstantial evidence, as the fact finder itself 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Moseley*, 293 Va. at 463

(quoting *Hudson*, 265 Va. at 512-13). "And '[w]hile no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion.'" *Id.* (alterations in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). "The fact finder, who has the opportunity to see and hear the witnesses, has the *sole* responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011) (quoting *Commonwealth v. Taylor*, 256 Va. 514, 518 (1998)). The trial court's "judgment is presumed correct" and we will not second guess that judgment unless it is "plainly wrong or without evidence to support it." *Moseley*, 293 Va. at 463. Because credible evidence supported the trial court's determination, we will not substitute its judgment. *McGowan*, 72 Va. App. at 521.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*